Argued February 24; reversed April 26; rehearing denied and opinion modified May 24, 1932.

# HILLIS v. INTERNATIONAL HARVESTER CO. OF AMERICA ET AL.

(10 P. (2d) 609)

*Bartlett Cole,* of Portland, for appellants.

*A. C. Hough,* of Grants Pass (J. N. Johnston, of Grants Pass, on the brief), for respondent.

RAND, J. This is a suit for rescission in which the plaintiff seeks to have delivered up and cancelled a promissory note and a chattel mortgage given in pay-

ment of three trucks purchased by him from J. S. and C. F. Mills, copartners doing business as J. S. Mills & Son, and by them transferred and assigned to the International Harvester Company of America, hereinafter referred to as the Harvester Company.

Prior to the sale of these trucks to plaintiff, J. S. Mills & Son had sold them to one John Robertson, Jr., and had accepted in payment therefor his note and a chattel mortgage on the trucks. On July 15, 1930, Robertson had made default in the payment of said note and said mortgage was subject to foreclosure. At the same time he also was in default upon another note given in payment of three other trucks of the same make which he had purchased from one E. G. Steiger. This note was also secured by another chattel mortgage on those trucks and that note and mortgage had also been assigned and transferred to the Harvester Company. Plaintiff at the time was in possession of all said trucks as agent and attorney in fact of Robertson. Both he and Robertson were living at the time at or in the vicinity of Grants Pass and three of said trucks were at Hornbrook, California, and the other three in Lake county.

In order to obtain a settlement of the notes, or, failing in that, the foreclosure of the two mortgages, the Harvester Company sent one of its representatives to Grants Pass. He reached there on July 15, 1930, and, together with C. F. Mills, one of said copartners, he entered into negotiations with plaintiff as the agent of Robertson for the settlement of the notes, or the delivery of the trucks so that the mortgages could be foreclosed. These negotiations continued from day to day until July 21, 1930, when a final adjustment of the whole matter was reached. At that time Robertson, in consideration of the surrender and delivery to him of

his cancelled notes and mortgages, transferred his interest in all six trucks to the Harvester Company and that company, in consideration thereof and of the purchase by plaintiff of the three trucks in question, surrendered said notes and mortgages to Robertson, and authorized J. S. Mills & Son to resell the three trucks in question to plaintiff upon plaintiff's paying to them in part payment $1,000 in cash and executing and delivering to them his promissory note for the sum of $8,950 and a chattel mortgage on the three trucks sold to him as security for the payment of the note, and, pursuant thereto, plaintiff executed and delivered to J. S. Mills & Son the note and mortgage in question and received said trucks in exchange therefor.

At the time these negotiations were commenced,. the tires on the three trucks which plaintiff purchased were badly worn and of but little value while those on the other three trucks which plaintiff did not purchase were nearly new and in good condition. Thereafter and while said negotiations were pending, the plaintiff, without the knowledge or consent of the Harvester Company or J. S. Mills & Son, caused his employes to remove the poor tires from the trucks he was about to purchase and replace them with the good tires from the other trucks. This substitution was made only a day or so before the sale to him was consummated and was wholly unauthorized by defendants. Upon taking possession of the three trucks not purchased by plaintiff, defendants discovered that this substitution had been made and replaced upon one of the trucks retained by them the tires that plaintiff had caused to be removed therefrom. Defendants made no change upon any of the other trucks.

This replacement by defendants upon one truck of the tires which plaintiff had caused to be removed

therefrom is the sole ground upon which plaintiff claims the right to a rescission and was held to be a sufficient ground for rescission by the decree entered in the court below.

■ There is no dispute in respect to any of these matters. It is admitted by the plaintiff that he did exchange the tires as stated and that he had no authority for doing so from the mortgagee defendants. He contends, however, that he had the right to make the exchange because at the time Robertson was the owner of the trucks and in the possession of them and plaintiff was acting as agent for Robertson. True, Robertson was the holder of the legal title but his ownership was subject to the lien of the mortgages. The exchanged tires were part and parcel of the property mortgaged and Robertson had broken the condition of both mortgages. This gave the right to the immediate possession of the mortgaged property to the mortgagees under section 54-207, Oregon Code 1930, and since the tires were taken by plaintiff from trucks subject to one mortgage and were placed on trucks subject to another mortgage, Robertson's ownership of the entire property conferred no right upon him to substitute any part of the property covered by one mortgage for that subject to the lien of the other, nor did he have the right to augment the value of the property secured by one mortgage by adding to it some article of greater value which was covered by the lien of another mortgage. What Robertson could not himself lawfully do, he could not authorize his agent to do for him.

■■ In making this substitution, however, plaintiff was not acting for Robertson but for himself. He was attempting to obtain an advantage for his own personal benefit and one which he had never bargained for and

for which he has never paid, and this advantage was one which the defendants with whom he was dealing never intended him to have. Hence, in making such exchange without the consent or knowledge of the mortgagee defendants, he acquired no right of ownership of the tires placed on the trucks which he was bargaining for and which he subsequently purchased. Defendants were entitled to the immediate possession of these tires as a part of the property mortgaged to them at the time the exchange was made and, upon acquiring title to the mortgaged trucks, the full ownership of the tires vested in the defendants and gave them the right to restore the mortgaged property to its former condition by replacing the tires on the mortgaged trucks. Again, in making the substitution, plaintiff was not acting in good faith. On the contrary he was attempting to defraud the defendants. For that reason he does not come into court with clean hands and, this being a court of equity, he could not prevail in this suit even if he had some grounds of complaint, which the testimony shows he has not.

For these reasons, the decree of the lower court must be reversed. The cause will be remanded to that court with directions to dismiss the suit.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.

Petition for rehearing denied and opinion modified
May 24, 1932.

## ON PETITION FOR REHEARING

RAND, J. In our former opinion we erred in failing to direct a decree to be entered herein foreclosing the chattel mortgage referred to therein. That mortgage was set up in the cross-complaint of the defendant, International Harvester Company of America, and there was a prayer for its foreclosure. The plaintiff is in default thereon. The whole sum is now due and payable and the said defendant is entitled to have the same foreclosed.

It is, therefore, ordered on the motion of the defendant Harvester Company that the opinion be modified and that a decree be entered in this court foreclosing said chattel mortgage and awarding a judgment against plaintiff in favor of the Harvester Company, the holder thereof, for the amount now due and payable on the note and chattel mortgage; and also awarding judgment to said defendant for $700 as reasonable attorney's fees and directing that the mortgaged property be sold in the manner provided by law in satisfaction of the lien of said mortgage. In all other respects, the former opinion is adhered to.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.